IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, #1047716, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:24-cv-2645-L (BT) |
| DIRECTOR, TDCJ-CID | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* petitioner and Texas prisoner Demarcus Kenard Joe's construed habeas petition under 28 U.S.C. § 2254. ECF No. 2. The Court should dismiss Joe's petition without prejudice for lack of jurisdiction.

## Background

On October 16, 2024, Joe filed a document referencing transcripts from his 2001 Dallas County murder and capital murder convictions in case numbers F01-21548 and F01-21550. *See State v. Joe*, Nos. F01-21548 & F01-21550 (363rd Dist. Ct., Dallas Cnty., Tex., June 22, 2021). He seeks the reversal of those convictions and a new criminal trial. *See* ECF No. 2 at 1. He also vaguely references case number F00-49647, an unauthorized use of a motor vehicle conviction for which he received community supervision for three years. *State v. Joe*, F100-49647 (363rd Jud. Dist. Ct., Dallas Cnty., Tex., July 18, 2000); *id.* Finally, Joe claims that "(Feds) [sic] Dallas County Clerk, Juror, Judge and D.A. prosecutor" have denied him access to the courts. ECF No. 2 at 1.

**Analysis**

Because Joe seeks to overturn some or all of his state convictions, the Court construes his filing as a habeas petition under 28 U.S.C. § 2254.

To the extent that Joe challenges his murder and capital murder convictions in case numbers F01-21548 & F01-21550, his application is successive. Joe has already challenged these convictions in state and federal habeas proceedings and filed several successive petitions concerning them that were summarily dismissed. *See Joe v. State*, No. 3-20-cv-3133-D-BK (N.D. Tex. Oct. 23, 2020) (outlining Joe's habeas filing history including his initial and successive challenges to Nos. F01-21548 & F01-21550), *rec. accepted*, 3:20-cv-3133-D-BK (N.D. Tex. Dec. 7, 2020).

Under 28 U.S.C. § 2244(b), a habeas petitioner may file a second or successive habeas application only in limited circumstances, and the petitioner must first obtain permission from the court of appeals before filing a successive application. *See* 28 U.S.C. § 2244(b)(3(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the court of appeals has first permitted the petitioner to file such a petition. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

Here, there is no sign that Joe has obtained permission from the Fifth Circuit Court of Appeals to file a successive application challenging his murder and capital

murder convictions, so this Court lacks jurisdiction over challenges to those convictions.

Further, to the extent that Joe challenges his 2000 unauthorized use of a motor vehicle conviction in case number F00-49647, the trial court that imposed Joe's punishment in the murder and capital murder cases discharged Joe from further probation in the unauthorized use of a motor vehicle case and dismissed that indictment. *See Joe v. Dir., TDCJ-CID*, No. 3:24-cv-2145-B-BK (N.D. Tex. Sept. 19, 2024), *rec. accepted* (N.D. Tex. Oct. 21, 2024). Joe is therefore no longer in custody on the unauthorized use of a motor vehicle conviction, and the Court lacks jurisdiction to consider any challenge to it. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Finally, Joe's vague allegation of lack of access to the courts is not cognizable in this habeas action. *See* 28 U.S.C. § 2254(a) (providing for federal habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States").

### Recommendation

The Court should **DISMISS WITHOUT PREJUDICE** Demarcus Kenard Joe's construed habeas petition for lack of jurisdiction.

SO RECOMMENDED October 30, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4